UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BURCH,

                     Plaintiff,

          -against-

NEW YORK STATE,

                     Defendant.

24-CV-1803 (CS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is appearing *pro se,* brings this action alleging that his rights were violated. He sues the State of New York. Plaintiff paid the filing fees to initiate this action. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Much of Plaintiff's 13-page complaint is devoted to philosophical statements and pseudo-legal assertions. For example, in a cover letter addressed "To whom it may concern," Plaintiff "declare[s] any and all contracts that pertain to [him] to be null and void, including any that may have unintentionally waived or surrendered [his] rights, or in any way compromised [his] status, due to lack of full disclosure, clean hands, good faith, and fair business practices." (ECF 1, at 1.)[1] He devotes eight pages to explaining his "Formal Challenge to the Twelve Presumptions of Law."[2] (*See* ECF 1-1 – 1-8.) Plaintiff asserts that because he has challenged "all the twelve presumptions of law," the "presumption of law formally has no substance in material FACT." (ECF 1-8, at 1.) He writes,

> I will recognize the rule of law, when and only when there is the material evidence of, that assumed rule of law has some material evidence of substance in presentable material fact.
>
> Until then, the search for the rule of law, that has some credibility in material fact: continues.
>
> It is done.

(*Id.*)

In an "Affidavit of Truth, Claim for Unlimited Civil Action, Notice of Rights, Affirmation by Notary Public," caption for the "Supreme Court of New York," Plaintiff makes the following allegations. Sometime in September of an unspecified year, in Newburgh, New York, Plaintiff was "stopped and detained by an unmarked vehicle operated by agents of the

---

[1] Because of the way Plaintiff filed the complaint, using the court's procedures for email filing, the complaint is docketed as a single page with 12 one-page exhibits.

[2] Plaintiff states, "There are twelve (12) key presumptions asserted by the private Bar Guilds which if unchallenged stand true, being Public Record, Public Service, Public Oath, Immunity, Summons, Custody, Court of Guardians, Court of Trustees, Government as Executor/Beneficiary, Agent and Agency, Incompetence, and Guilt." (*Id.* at 3.)

State of New York without just cause or reasonable suspicion." (ECF 1-9, at 1.) During that interaction, "agents acting under the authority of the State of New York" took actions "that can only be described as kidnap and false imprisonment." (ECF 1-10, at 1.)

Plaintiff asserts claims for violations of his rights under the Fourth and Fourteen Amendments. He seeks $2.56 trillion dollars in damages.

## DISCUSSION

Because Plaintiff asserts that his federal constitutional rights were violated, the Court construes the complaint as attempting to assert claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.     Eleventh Amendment Immunity

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

### B.     Vehicular Stop

The Court construes Plaintiff's allegations that he was "unlawfully stopped and detained" as attempting to assert claims under the Fourth Amendment.

Generally, the "[t]emporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *Whren v. United States*, 517 U.S. 806, 809-10 (1996). An "automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id.* at 810.

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (relying on *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). This standard is met where an officer can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. at 21; *see also United States v. Bailey*, 743 F.3d 322, 332 (2d Cir. 2014) ("The circumstances necessary to justify a *Terry* stop are a reasonable basis to think that the person to be detained is committing or has committed a criminal offense." (citation omitted)). Moreover, "a stop must be individualized—that is, based on 'a suspicion that the particular [subject] being stopped is engaged in wrongdoing.'" *Prado Navarette v. California*, 572 U. S. 393, 396–397 (2014).

Here, Plaintiff alleges no facts about the circumstances leading up his being pulled over and detained. Furthermore, Plaintiff does not identify any suable defendant who has violated his rights. His allegations therefore are not sufficient to state a Fourth Amendment claim under Section 1983. The Court grants Plaintiff 30 days' leave to replead his Fourth Amendment claims in an amended complaint.

**C.     False Arrest Claims**

Plaintiff's assertion that he "false[ly] imprison[ed]" suggest he may be attempting to

4

assert a claim for false arrest.[3] The Court first looks to state law to establish the elements of a false arrest claim under Section 1983. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) (Alito, J, dissenting) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State), *abrogated on other grounds*, *Thompson v. Clark*, 596 U.S. 36 (2022).

Under New York law, to state a claim for false arrest, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007).

Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as

---

[3] Although Plaintiff characterizes his claim as one for false imprisonment, the "elements of a claim for false imprisonment made pursuant to Section 1983 are the same as those for false arrest," *Copeland v. New York City Police Dep't*, No. 97-CV-4224 (DLC), 1998 WL 799169, at *2 (S.D.N.Y. Nov. 13, 1998), and thus, "the claims are analyzed in identical fashion," *Mitchell v. Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005); *see also Leibovitz v. Barry*, No. 15-CV-1722 (KAM), 2016 WL 5107064, at *8 (E.D.N.Y. Sept. 20, 2016) (analyzing false arrest and false imprisonment claims under both Section 1983 and New York law as "essentially the same causes of action"); *Murry v. Williams*, No. 05-CV-9438 (NRB), 2007 WL 430419, at *5 (S.D.N.Y. Feb. 8, 2007) ("[W]e consider claims of false arrest and false imprisonment to be synonymous causes of action, as the elements of both claims under New York law are the same." (citing *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999))).

the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Here, as with his other Fourth Amendment claim, Plaintiff does not provide any facts about the circumstances leading up to his detention or alleged false imprisonment. Nor does he name any suable defendant who allegedly violated his rights. Plaintiff's allegations therefore are not sufficient to state a claim for false arrest under Section 1983. The Court grants Plaintiff 30 days' leave to replead his false arrest claims in an amended complaint.

**D.      Frivolous Claims**

A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

It is unclear what claims, if any, Plaintiff is seeking to assert arising from his allegations related to the "Twelve Presumptions of Law." In any event, even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, there is no factual predicate or legal theory on which Plaintiff may rely to state a claim. Thus, a finding of frivolousness is warranted, *see Livingston*, 141 F.3d at 437, and the Court dismisses these claims as frivolous.

**E.      Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for an unreasonable search or seizure or for false arrest, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims. Plaintiff may not reassert any claims against the State of New York or claims that the Court has dismissed above as frivolous.

## CONCLUSION

The Court dismisses Plaintiff's claims as barred by the Eleventh Amendment, for failure to state a claim on which relief may be granted, and as frivolous.

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint that complies with the standards set forth above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   March 22, 2024
         White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL
United States District Judge